UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTINA SCHIPPERS, as Personal
Representative of the Estate of RICHARD
SCHIPPERS, deceased,,

    Plaintiff,

v.                                                                      Case No.  5:11-cv-163-Oc-37TBS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Pending before the Court are the Defendant's Motion to Compel (Doc. No. 78), Plaintiff Heidi Schippers' Response to Defendant USA's Motion to Compel (Doc. 79), Plaintiff Mazak's Memorandum in Opposition to Motion to Compel of Defendant United States of America (Doc. 80), and Plaintiff, Christina Schippers' Response in Opposition to Defendant's Motion to Compel (Doc. 81).  After reviewing the record and considering the arguments in the parties' motion papers, the Defendant's Motion to Compel is due to be DENIED.

On October 26, 2009, pilot, Paul M. Mazak and passengers Richard K. Schippers, Shane P. Schippers and Malcolm A. Lavender died in a plane crash while returning to Florida from a hunting trip in Texas.  Plaintiffs, Christina Schippers, Heidi Schippers and Reba Y. Mazak are the personal representatives ("Personal Representatives") of their deceased husband's estates.  (Doc. 88).  On May 24, 2010, the Personal Representatives settled the claims of the Schippers' Estates against the Mazak Estate at a voluntary, pre-suit mediation conducted in accordance with Chapter

44, Florida Statutes and Rule 1.700 et. seq., Fla. R. Civ. P.  The settlement is memorialized in a written mediated settlement agreement ("Agreement") which contains a provision for confidentiality pursuant to Chapter 44 Florida Statutes.  (Doc. 80).  The Circuit Court in and for Citrus County, Florida has entered an order decreeing that the Agreement should remain sealed pursuant to Rule 2.420(e) Fla. R. Jud. Admin.  (Doc. 80-1).

The Personal Representatives and two potential estate beneficiaries have filed separate lawsuits against the United States of America (the "Government") under the Federal Tort Claims Act alleging that the negligence of Federal Aviation Administration personnel at the Houston Air Route Traffic Control Center in Houston, Texas was the proximate cause of the plane crash.  The Government has denied these allegations, says pilot, Paul M. Mazak was totally or partially responsible for the crash and filed a claim for contribution against the Mazak Estate.  (Doc. 88).

The Government attempted by way of interrogatories, requests for production and depositions, to learn the terms of the Agreement.  The plaintiffs objected on grounds of confidentiality, relevance and Federal Rule of Evidence 408 (Compromise and Offers to Compromise).  The plaintiffs rejected the Government's proposal that the Court enter a stipulated protective order to address the plaintiffs' concerns about confidentiality. (Doc. 78).  And, the plaintiffs said they would not produce the Agreement without a court order or the express permission of the Estate of Paul Mazak, II, Reba Mazak and all of the other parties to the Agreement.  (Doc. 80).  It was at this point that the Government filed its motion to compel.

After the motion was filed the District Judge ruled that Florida law applies to all issues in this case. The District Judge's decision disposes of two of the Government's three arguments for disclosure of the terms of the Agreement. First, the Government said the Agreement should be produced because it might include language which would prevent the Government from seeking contribution. After finding that Florida law applies, the Court dismissed the Government's contribution claim. (Doc. 88). Second, the Government argued that if the Court found Texas law applied then it would be entitled to a set-off for those damages previously recovered by the plaintiffs. The Government has not pled set-off as an affirmative defense and even if it had, because this dispute is governed by Florida law the Government has no right of set-off. Florida has abolished joint and several liability. § 768.31 Florida Statutes. If a judgment is entered against the Government, it will be only on the basis of the Government's percentage of fault. T&S Enterprises Handicap Accessibility, Inc. V. Wink Indus. Maintenance & Repair, Inc., 11 So.3d 411 (Fla. 2nd DCA 2009). Finally, the Government says if the Agreement contains a release of all potentially culpable parties then Heidi and Christina Schippers cannot maintain their lawsuits against the Government. (Doc. 78). To decide this issue the Court made an in camera review of the Agreement and is satisfied that it does not operate to release the Government.

Therefore, the Motion to Compel (Doc. 78) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on December 8, 2011.

                                                            THOMAS B. SMITH
                                                            United States Magistrate Judge

Copies to all Counsel